IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JERMAINE GALBREATH, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-16-2054
:
THERESA DELBALSO, : (Judge Conaboy)
:
    Respondent :

## MRMORANDUM
### Background

    Ronald Jermaine Galbreath (Petitioner), an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), filed the above captioned habeas corpus action pursuant to 28 U.S.C. § 2254. Named as Respoondent is SCI-Mahanoy Superintendent Theresa DelBalso. Service of the Petition was previously ordered.

    Petitioner was convicted of two (2) counts each of delivery of a controlled substance and criminal use of a communication facility on March 5, 2013 following a jury trial in the Franklin County, Pennsylvania Court of Common Pleas. On April 24, 2013, Galbreath was sentenced to a twelve (12) year, ten (10) month to thirty (30) year term of imprisonment.[1] A direct appeal was not filed.

    According to the Petition, Galbreath sought collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA)

---

[1] According to Respondent an aggregate sentence of 54 to 360 months was imposed. See Doc. 12-2, p. 2.

1

during September 2015.² His PCRA action asserted claims of ineffective assistance of counsel. Petitioner contends that his PCRA action was denied by the trial court on December 17, 2015. Petitioner contends the Pennsylvania Superior Court affirmed the denial of PCRA relief on September 22, 2016.

In his pending action, Petitioner claims entitlement to federal habeas corpus relief on the grounds that his trial counsel and PCRA counsel both provided ineffective assistance.

Respondent has initially responded to Petitioner's action by filing a motion to dismiss for failure to exhaust state remedies. See Doc. 12. The motion has not been opposed.

## Discussion

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.³ The

---

² The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

³ A Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

2

exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for

presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

According to an undisputed state trial court opinion issued in Galbreath's case, after initiation of a direct appeal the Superior Court remanded Petitioner's case on April 15, 2014 and granted him leave to file an amended post sentence motion. See Doc. 12-2, p. 3. Thereafter, the trial court denied Galbreath's amended post trial motion on September 19, 2014. Petitioner did not appeal that

4

decision.

It is also undisputed that Petitioner filed a counseled PCRA action on September 10, 2015. A hearing on the petition was conducted on December 4, 2015. PCRA relief was denied by the trial court on December 17, 2015. Following an appeal, the Superior Court affirmed the denial of PCRA relief on September 22, 2016.

Galbreath filed his pending § 2254 action with this Court on October 7, 2016. According to the aforementioned undisputed state trial court decision, Petitioner subsequently filed a second PCRA action with the trial court on October 17, 2016. In this action as well as the second PCRA action Petitioner alleges that PCRA counsel had provided ineffective assistance. The trial court denied relief on the second PCRA on February 9, 2017. Petitioner appealed that determination to the Superior Court. His appeal was still pending at the time Respondent filed their response to the instant habeas corpus petition.

The Respondent argues that since Galbreath has a petition pending with the Superior Court his federal habeas corpus petition should be dismissed for failure to exhaust state remedies.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition which contains unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred

5

claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a petition consisting of unexhausted claims. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews, a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The United States Supreme Court in Rhines, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the federal petition must be timely filed. In the present case, there is no clear

6

indication that Galbreath's pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. Respondent has filed a motion to dismiss because Petitioner's pending § 2254 action includes a claim that he is also simultaneously asserting via his second PCRA petition which is presently under consideration in Pennsylvania state court.

As in Crews, Galbreath should not face the prospect of forfeiting federal court review of issues. Accepting Petitioner's contention that he would only have a brief period of time in which to file a new federal habeas petition after completion of the state review process,[4] Galbreath's pro se status, and out of an abundance of caution, Crews counsels in favor of a stay of litigation in this case while Petitioner exhausts the state review process on his pending unexhausted federal claims. Accordingly, the motion to dismiss will be granted in part.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's ongoing state court PCRA proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions. Failure to timely file the required written status report may be deemed a failure to prosecute.

---

[4] See Doc. 1, ¶ 18.

7

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted, until such time, this matter will be marked closed for administrative purposes. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 14, 2018